## SUPERIOR COURT, BUFFALO.

DAVID BURGART, appellant, agt. EDWARD STORK, respondent.

In cases arising in justices' courts in the *city of Buffalo,* an appeal lies from the *county court* to the *superior court* of that city only; and the decision of the latter court is *final.*

In cases arising in justices' courts out of the city of Buffalo, in the county of Erie, an appeal lies from the county court to the *supreme court* only, whose decision is final.

Where an assignor of a thing in action is examined on behalf of the plaintiff, (assignee,) the testimony of the defendant is not limited to the same *identical point* to which the assignor has been examined, but may be examined to the *whole matter to which the point upon which the assignor was examined relates.* (17 *Barb.* 538.) [*This is adverse to several cases cited in note at the end of the case.*]

*Notice* [ten days] of the examination of an assignor, under § 399 of the Code, is necessary *only* in the cases specified in the last part of that section—(not in *all cases*)—that is, as against an *assignee* or an *executor,* or *administrator,* or *trustee,* &c. (*See the several cases referred to in the opinion upon both sides of this question.*)

The provisions of the latter part of § 399 are *rules of evidence,* and are *applicable to justices' courts.*

*General Term, May,* 1856.

BURGART, as the assignee of one Conradt Scheiss, sued, in a justice's court, the defendant for the rent of certain premises. The plaintiff called Scheiss, his assignor, as a witness. The

defendant objected to his being sworn, for the reason that no notice of his examination had been given.   The objection was overruled, and Scheiss testified that he let to the defendant a tenement belonging to him at the rent of $250 a year; that the defendant occupied it, and the balance of rent unpaid was $55, which, after it became due, he had sold and assigned to the plaintiff.   The defendant offered himself as a witness, and was sworn, and testified he hired the tenement of Scheiss at $250 a year, and that Scheiss was to put it in good order.   The plaintiff objected, that "this was new matter; that the defendant must confine himself to the facts proved by the witness, Scheiss."

The justice sustained the plaintiff's objection, and struck out that part of defendant's statement that the house was to be in good order.   The defendant's counsel then asked him, "What did Scheiss agree to do on his part?"   The plaintiff objected that this called for new matter, and the objection was sustained. The justice rendered judgment for the plaintiff for the amount testified to by Scheiss.   The defendant, in his answer, set up that Scheiss had failed to perform his part of the agreement with defendant, to repair and finish the tenement.   The defendant appealed to the county court, where the judgment was reversed, and from that judgment of reversal the plaintiff appeals to this court.

J. D. GROS, *for appellant.*
W. C. BRYANT, *for respondent.*

MASTEN, Justice.   The justice clearly erred in not permitting the defendant to testify to all the terms of the agreement, or lease, between him and Scheiss, material to the issues. Scheiss, the assignor, testified to the matter of the agreement: this made the defendant a competent witness to the same matter on his own behalf. (*Code*, § 399.)   The different parts of an agreement make up the whole agreement.   The testimony of the defendant is not limited to the same identical point to which the assignor has been examined, but may be examined

to the whole matter to which the point upon which the assignor was examined relates. (17 *Barb.* 538.)*

We might stop here, without examining the other point in the case. In cases arising in justices' courts in this city, an appeal lies from the county court to this court only, and our decision is final. In cases arising in such courts out of the city, the appeal from the county court is to the supreme court. The supreme court of this district holds, we are informed, that § 399 of the Code is applicable to justices' courts; and that notice, under the last clause of that section, of the examination of the assignor is necessary in all cases. This court has heretofore held differently. The county court, we are informed, follows the ruling of the supreme court. Under the circumstances we consented, upon the argument of this cause, to open the question. I will therefore proceed to the consideration of the other point in this case.

This point may be subdivided into two :—1. In what cases is a notice of the intended examination of an assignor necessary? 2d. Does § 399 of the Code apply to justices' courts ;

1st. Section 398 declares, that no person offered as a witness shall be excluded by reason of his interest in the event of the action. Then follows § 399, which embraces three distinct matters, and which, for perspicuity's sake, might better have been in distinct sections. The first part declares to whom the last section is inapplicable :—" The last section (398) shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended." The next part of the section is no way connected with the first. It does not grant the right to examine the assignor; its whole scope and effect is to give to the adverse party the right to confront the assignor, and testify as a witness to the same matter :—" When an assignor of a thing in action or contract is examined as a witness on behalf of any person deriving title through or from him, the adverse party may offer himself as a witness to the same matter on his own behalf, and shall be so received." The third or last part has no connection with either of the other parts of the section.

Vol. XII.          36

In many cases the provision in the Code (§ 111) authorizing the action to be brought in the name of the party in interest, would render the assignor, by the common law rules of evidence, and without the aid of § 398, a competent witness. He was often an incompetent witness under the common law rule, not because of his interest, but because of his being a nominal party to the suit. His assignee was obliged to sue in his name. The third part of this section is a limitation of the common law rule, and renders the assignor who is not a party to the action, incompetent as a witness under certain circumstances— in a certain specified class of cases, whether he is interested or not in the event of the action. It is, "An assignor of a thing in action or contract shall not be admitted to be examined in behalf of any person deriving title through or from him, against an assignee, or an executor, or an administrator, unless the other party to such contract or thing in action, whom the plaintiff or defendant represents, is living, and his testimony can be procured for such examination; nor unless at least ten days' notice of such intended examination of the assignor, specifying the points upon which he is intended to be examined, shall be given in writing to the adverse party."

The policy seems to be, that if one party to a contract or thing in action testifies in reference to it, that the other party to it shall also be permitted to speak to the same matter. The case in which one of the parties to the contract is a party to the action is provided for by the second part of the section. The third or last part of the section, in order to carry out this policy, provides, in specified cases in which neither party to the contract is a party to the action, that the assignor shall not be examined in behalf of his assignee, if ten days' previous notice of, &c., shall not have been given, and if the testimony of the other party to the contract cannot be procured.

The assignor's competency as a witness, in the class of cases specified in this last part of the section, is made to depend upon two facts—ten days' previous notice of his intended examination and the ability to procure and confront him with the testimony of the other party to the contract. This third or last

part of the section is a provision, or sentence by itself. The supreme court, at general term, in the 2d, 3d, 4th and 5th districts, the superior court in New-York, and the New-York common pleas, have given this construction to the section. (19 *Bar.* 442; 18 *id.* 532; 12 *How. Pr. R.* 163; 11 *id.* 248; 1 *Duer,* 309; 2 *Abbott,* 79.)

The supreme court at general term, in the 6th district, (10 *How. Pr. R.* 60,) and in the 7th district, (16 *Bar.* 580,) and in the 8th district, have held, that a notice was necessary in all cases. We adhere to our decision, that notice of the examination of the assignor is necessary only in the cases specified in the last part of the section.

2d. From the foregoing, I think it follows that the provisions of the latter part of § 399 are rules of evidence, and are applicable to justices' courts. (*Code,* § 64, *sub.* 15; *and so are the cases* 8 *How. Pr. R.* 341; 10 *id.* 60; 18 *Bar.* 532.)

My brethren agree with me upon all the points except that the 399th section is applicable to justices' courts, and upon that they express no opinion.

Judgment of county court affirmed, with costs.

Since writing the above, I have read the case of *Vassar* agt. *Livingston,* (3 *Kern.* 248.)

* NOTE.—This differs from the cases, 11 *How. Pr. R.* 403; 1 *E. D. Smith R.* 538; 12 *How. Pr. R.* 73; 10 *id.* 96.